**COMP**
**McCarthy & Holthus, LLP.**
Kristin A. Schuler-Hintz, Esq., SBN 7171
Thomas Beckom, Esq., SBN 12554
McCarthy & Holthus, LLP
9510 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
Phone 855-809-3977
Fax (866) 339-5691
Email DCNV@McCarthyHolthus.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# IN THE DISTRICT OF NEVADA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC ALTERNATIVE LOAN TRUST 2005-82, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-82<br><br>Plaintiff,<br><br>v.<br><br>SFR INVESTMENT POOL 1, LLC, a Nevada Limited Liability Company; LIBERTY AT PARADISE COMMUNITY ASSOCIATION; a Nevada Domestic Non Profit Corporation TIMOTHY HANSON, an individual, DOE INDIVIDUALS 1-X and ROE CORPORATIONS X-XX;<br><br>Defendants. | Case No.<br><br>**COMPLAINT** |

COMES NOW THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, ASTRUEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC ALTERNATIVE LOAN TRUST 2005-82, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-82 ("BONY"), by and through its attorney of record Thomas N. Beckom, Esq. of the law firm of McCarthy & Holthus, LLP and hereby files this Complaint.

/…/…/

1

# I.
# PARTIES

1. Plaintiff THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, ASTRUEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC ALTERNATIVE LOAN TRUST 2005-82, MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2005-82 is a Delaware corporation with its primary place of business in New York City, New York .

2. Defendant SFR INVESTMENT POOL 1, LLC (hereinafter "SFR") is a Nevada Limited Liability Company doing business in Clark County Nevada.

3. That LIBERTY AT PARADISE COMMUNITY ASSOCIATION ("HOA") is a Nevada domestic nonprofit corporation doing business in Clark County, Nevada.

4. TIMOTHY HANSON (hereinafter "HANSON") are upon information and belief, Nevada residents and the record title holders of the property at issue at the time of the sale.

5. That the true names and identities of Doe individuals and ROE corporations XI-XX are unknown at this time however the Counter Plaintiff believes and alleges that these parties contributed to the facts and circumstances alleged therein. Through the course of discovery once these Defendants become known, the Plaintiff will amend accordingly.

# II.
# JURISDICTION AND VENUE

6. The property at issue is located at 1091 Paradise Coach Dr., Henderson, NV 89015 (hereinafter the "Subject Property") in Clark County, Nevada.

7. This Court has subject matter jurisdiction over the matter pursuant to 28 U.S.C. § 1331 because the claims asserted arise under the laws of the United States

8. This Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367(a) over BONY's claims arising under the laws of the State of Nevada, because those claims are related to

2

Plaintiffs' claim under federal law, form part of the same case or controversy and are derived from a common nucleus of operative facts.

9. Venue lies in the U.S. Districy Court for the District of Nevada pursuant to 28 U.S.C. §1391 because Defendants SFR, HOA, and Hanson are Nevada citizens and a substantial part of the events or omissions giving rise to the claims occurred in this District.

10. The Court has personal jurisdiction over Defendants because this lawsuit arises out of and is connected with Defendants' purposeful purchase of interest in property sited in Nevada. Moreover, Defendants are Nevada citizens.

## III.
## FACTS AND ALLEGATIONS

**A.     The Property and the Loan.**

11. On or about May 25, 2004; Timothy Hanson a single man, obtained title to the Subject Property from KB Home Nevada, Inc.

12. The Subject Property is subject to a declaration of covenants, conditions, and restrictions for Liberty At Paradise Community Association

13. It appears that KB Home Nevada originally lent Mr. Hanson money to purchase the Subject Property however on August 25, 2005 Mr. Hanson financed the Subject Property and obtained a loan from Soma Financial in the amount of $224,000.00

14. This was secured by a Deed of Trust. The Deed of Trust was recorded in the Recorder's Office on August 25, 2005 as Instrument Number 200508250001506 (the "Deed of Trust") and showed Mr. Hanson as the borrower, Soma Financial as the Lender, and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary of record of the Deed of Trust solely as nominee for Countrywide's successors and assigns.

15. On or about October 6, 2011, MERS assigned the Deed of Trust to THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF CWALT, INC ALTERNATIVE LOAN TRUST 2005-82, MORTGAGE PASS-THROUGH CERTIIFCATES SERIES 2005-82. The Assignment of the Deed of Trust was recorded as Instrument Number 201110060002566.

3

**B.    The HOA Lien and Foreclosure Sale.**

16. On or about March 31, 2009 Liberty at Paradise Recorded a Lien against the Subject Property for purported unpaid HOA assessments in the amount of $4,569.00.

17. On or about September 2, 2009 a Notice of Default and Election to Sell was recorded in the Recorder's Office as Instrument Number 200909020002848 ("Notice of Default"). The Notice of Default was submitted by Nevada Association Services on behalf of Liberty at Paradise and asserts outstanding amounts owed as of August 28, 2009, in the amount of $6,447.00.

18. Multiple Notices of Sale were filed by Liberty at Paradise and Nevada Association Services on May 2, 2011; June 6, 2012;and July 29, 2014. The final and most pertinent Notice of Sale was recorded as Instrument No. 201406040002016 and noticed a sale to take place on June 25, 2014.

19. Upon information and belief, the sale was continued from that date to July 25, 2014 and at that specific time, the Property Sold to SFR Investment Pool 1, LLC for $18,152.00.

20. The foreclosure notices additionally contained superfluous information which was materially misleading as to the state of title and therefore resulted in sufficient unfairness to unwind this sale.

21. Upon information and belief, the HOA through NAS made numerous public misstatements concerning the type of title they would be selling at this sale.

22. Upon information and belief, these affirmative public misstatements resulted in confusion with respect to the Property which was being sold and as such few people arrived at the sale on the day of the sale and on that basis, the Subject Property (which was worth $148,000.00 at the time of the sale) sold for .

**FIRST CAUSE OF ACTION**
**(Quiet Title under *Shadow Wood Homeowners Association v. New York Community Bank*)**

23. BONY incorporates and re-alleges all the previous paragraphs contained *supra*, as if fully set forth herein and more fully pleads below.

24. Pursuant to NRS § 40.010, BONY claims an interest adverse to the ownership interests of the SFR, Hanson, and the HOA.

4

25. The HOA unlawfully asserted an interest adverse to BONY as delineated *supra*.

26. Pursuant to NRS § 40.010, in light of the low purchase price, confusing notice of sale, and legal uncertainty surrounding the Property as delineated *supra* SFR should be adjudicated to have a possessory interest subject to the Deed of Trust.

27. As such, BONY requests a determination from this Court that the HOA Foreclosure Sale was not conducted properly pursuant to law in light of the low purchase, confusing notice of sale, and the legal uncertainty surrounding the Property.

28. In addition, the "Opt-In" Noticing provisions of NRS Chapter 116 are facially unconstitutional and as such the sale is void.

29. BONY has been compelled to retain the undersigned counsel to represent it in this matter and has and will continue to incur attorney's fees and costs.

**SECOND CAUSE OF ACTION**
**(Declaratory Relief Under Amendments V and XIV**
**to the United States Constitution)**

30. BONY repeats and re-alleges the allegations set forth above.

31. Pursuant to 28 U.S.C. § 2201, this Court is empowered to declare the rights and legal relations of the parties in this matter, both generally and in relation to the foreclosure sale and the Property.

32. NRS 116.3116 *et seq.*, prior to its amendment effective October 1, 2015, facially violated BONY's due process rights secured by the Fifth and Fourteenth Amendments to the United States Constitution. *See Bourne Valley Court Trust v. Wells Fargo Bank*, *N.A.*, 832 F.3d 1154 (9th Cir. 2016). .

33. Any purported notice provided was inadequate, insufficient, and in violation of due process.

34. An actual and justiciable controversy exists between the parties regarding the purported HOA Foreclosure Sale and the rights associated with the HOA Foreclosure Sale.

35. Without declaratory relief interpreting the constitutional validity of NRS 116.3116 *et seq.* prior to its amendment effective October 1, 2015, BONY's rights will be adversely affected.

36. BONY is entitled to a declaration that the purported HOA Foreclosure Sale

conducted under NRS 116.3116 *et seq.* did not extinguish the Deed of Trust, which continued as a valid encumbrance against the Property.

37. Based upon the foregoing, BONY requests an order declaring that the purported HOA Foreclosure Sale did not extinguish the Deed of Trust because it was conducted under NRS 116.3116 *et seq.* prior to its amendment effective October 1, 2015, which on its face violated BONY's rights to due process under the Fifth and Fourteenth Amendments to the United States Constitution.

38. BONY has been compelled to retain the undersigned counsel to represent it in this matter and has and will continue to incur attorney's fees and costs.

### THIRD CAUSE OF ACTION
**(Quiet Title Under the Amendments V and XIV to the United States Constitution )**

39. BONY repeats and re-alleges the allegations set forth above.

40. Pursuant to 28 U.S.C. § 2201 and Nev. Rev. Stat. § 40.010, this Court is empowered to declare the rights and legal relations of the parties in this matter, both generally and in relation to the foreclosure sale and the Property.

41. The Deed of Trust is a first secured interest in the Property.

42. That SFR claims an interest in the Property through the Foreclosure Deed Upon Sale which is adverse to BONY's interest.

43. NRS 116.3116 *et seq.*, prior to its amendment effective October 1, 2015, facially violated BONY's constitutional rights to due process secured by the Fifth and Fourteenth Amendments to the United States Constitution and thus did not extinguish the Deed of Trust. *See Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, 832 F.3d 1154 (9th Cir. 2016).

44. Any purported notice provided was inadequate, insufficient, and in violation of due process under the Fifth and Fourteenth Amendment to the United States Constitution.

45. Based on the adverse claims being asserted by the parties, the Court should issue a judicial determination that the Deed of Trust continues to encumber the Property after the HOA Foreclosure Sale.

46. The Court should issue a determination that the HOA Foreclosure Sale did not

convey the Property free and clear of the Deed of Trust to the buyer at the HOA Foreclosure Sale, and thus that any interest acquired by the SFR is subject to the Deed of Trust.

**47.** BONY has been compelled to retain the undersigned counsel to represent it in this matter and has and will continue to incur attorneys' fees and costs.

### FOURTH CAUSE OF ACTION
### (NRS §112.190 against the HOA and RH Kids, LLC)

48. BONY incorporates and re-alleges all the previous paragraphs contained *supra*, as if fully set forth herein and more fully pleads below.

49. That BONY is a pre-existing creditor of the Mr. Hanson via the Deed of Trust recorded on August 25, 2005, and the Note contemporaneously executed therein. This beneficial interest was subsequently assigned to BONY through a service transfer as well as related assignments.

50. That Mr. Hanson did not receive reasonably equivalent value in exchange for the Subject Property in that the Property sold to SFR for $18,152.00 when it was actually worth $148,000 at the time of the HOA foreclosure sale.

51. That Hanson was insolvent at the time of the transfer and/or became insolvent as a result of the transfer in that Hanson was both being foreclosed on by her Homeowners' Association as well as her mortgage lender.

52. That pursuant to NRS §112.220 BONY is entitled to have the HOA Sale voided.

53. That in the alternative, Lakeview is entitled to judgment in the amount of the value of the Subject Property per NRS §112.220 against either the HOA and/ or SFR.

54. That BONY is entitled to attorneys fees and costs for pursuit of this action.

### FIFTH CAUSE OF ACTION
### (Breach of the Convenant of Good Faith and Fair Dealings versus HOA)

55. Plaintiffs incorporates by reference the allegations of all previous paragraphs as if fully set forth herein.

56. Implicit in every contract in the state of Nevada is an implied covenant of good faith and fair dealing.

57. BONY was an intended beneficiary of the HOA's CC&R's.

58. The HOA breached the duties, obligations, promises, covenants, and conditions, express and implied, in the CC&R's owed to Plaintiff by the circumstances under which they conducted the HOA Sale of the Property.

59. The HOA took affirmative action to reconvey the Subject Property to a third party in direct contravention to the spirit of the CC&R's and further more at a price well below the value of the unit.

60. By failing to act in good faith, the HOA has damaged BONY in an amount in excess of $75,000.00.

61. Plainitff has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prose cute this action.

/…/…/

/…/…/

/…/…/

/…/…/

/…/…/

/…/…/

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs request a judgment in their favor as follows:

1. A declaration that the HOA Foreclosure Sale did not extinguish the Deed of Trust and that it continues as a valid encumbrance against the Property; and

2. In the alternative, a declaration that the HOA Foreclosure Sale did not extinguish the Deed of Trust because it was conducted under a statute that facially violated BONY's rights to due process;

3. A declaration that the SFR Investment Pool 1, LLC's interest in the Property, if any, is subject to the Deed of Trust ;

4. That BONY be awarded attorney's fees and costs, plus interest accruing thereon, in its favor at the maximum rate allowed by law; and

5. That the Court award such other and further relief as it may deem appropriate

DATED this 25th day of July, 2018.

          **McCARTHY HOLTHUS LLP**

/s/ *Thomas N. Beckom, Esq*
Thomas N. Beckom, Esq. SBN 12554
McCarthy & Holthus, LLP
9510 West Sahara Avenue, Suite 200
Las Vegas, NV  89117

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
9510 WEST SAHARA AVENUE, SUITE 110
LAS VEGAS, NV 89117
TELEPHONE (702) 685-0329/Facsimile (866) 339-5961