# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

The Bank of New York Mellon, as Trustee for the Certificateholders of CWALT, Inc. Alternative Loan Trust 2005-82, Mortgage-Pass-Through Certificates Series 2005-82,

    Plaintiff

v.

SFR Investments Pool 1, LLC, et al.,

    Defendants

Case No.: 2:18-cv-01375-JAD-VCF

**Order re: Motions to Reconsider and Dismiss**

[ECF No. 62, 63]

    This is one of the hundreds of lawsuits in this district in which the holder of a deed of trust seeks a declaration that a homeowner's association's non-judicial foreclosure sale did not extinguish its security interest. Here, Bank of New York Mellon, as trustee for a mortgage trust that contains many mortgages from the 2005 time frame, sues the Liberty at Paradise Community Association (the HOA), which conducted the sale; the foreclosed upon homeowner; and foreclosure-sale purchaser SFR Investments Pool 1, LLC, asserting claims for quiet title and declaratory relief. Though the Bank's original complaint, which I have previously held was filed within the applicable four-year limitations period, challenged the effects of the foreclosure on two limited factual theories, I allowed the Bank to expand its theories in an amended complaint and ruled that those new theories relate back to the date of the original complaint, making them timely. SFR moves to reconsider that ruling and dismiss those new theories as time barred.[1] Because I find that the new theories fall within the same transaction or occurrence as the original

---

[1] ECF Nos. 62, 63. SFR seeks both types of relief in a single document, filed in duplicate at both docket numbers. I find these motions suitable for disposition without oral argument. L.R. 78-1.

ones, I maintain that they relate back and are timely. So I grant the motion for reconsideration only to the extent that I revisit my prior decision, but I ultimately deny any relief from it.

**Discussion**

When the Bank first filed its equitable quiet-title claims against SFR in this action in July 2018, it pled a handful of facts and specifically identified two legal theories for "a determination that the HOA Foreclosure Sale did not convey the Property free and clear of the Deed of Trust to the buyer at the HOA Foreclosure Sale, and thus that any interest by [ ] SFR is subject to the Deed of Trust": (1) the low sales price plus other irregularities rendered the sale voidable—known as a *Shadow Wood Homeowners Association v. New York Community Bank* claim—and (2) the sale notices violated the Bank's due-process rights.[2] SFR moved to dismiss those claims as time-barred by a three-year statute of limitations.[3] At the hearing on that motion, I ruled that the Bank's action is timely because equitable quiet-title claims in Nevada are governed by a four-year statute of limitations.[4] I also gave the Bank leave to amend its complaint, primarily to add the theory that the Bank's pre-foreclosure tender of the superpriority portion of the HOA's lien meant that SFR bought the property at foreclosure subject to the Bank's deed of trust.[5] In doing so, I specifically found that the new factual theories relate back to the original complaint.[6]

SFR now moves to reconsider that ruling and dismiss the Bank's claims that are based on any later-alleged theory.[7] It argues that it was unjust for this court to grant leave to amend

---

[2] ECF No 1.
[3] ECF No. 22.
[4] ECF No. 57 (minutes).
[5] The Bank had filed a separate action for the tender theory in 2019. *See* 2:19-cv-00137-JAD-VCF. This amendment ruling essentially consolidated the two actions into this one.
[6] ECF Nos. 57 (minutes); 65 at 30–31 (transcript of hearing).
[7] ECF No. 62.

without letting it brief the relation-back issue.  And it contends that the new theories are too factually distinct to relate back under FRCP 15(c), so they must be dismissed.[8]  The Bank opposes the motion, arguing that the new theories satisfy Rule 15(c)'s liberal relation-back rule and, alternatively, the statutory limitations period for them should be equitably tolled.  So that I can ensure fair consideration of SFR's arguments about the timeliness of these new theories, I grant its motion for reconsideration to the extent that I look anew at these arguments.  But my conclusion after reconsideration remains the same: the new theories relate back and are thus timely.  And because I find that the new theories relate back, I do not reach the Bank's equitable-tolling argument.

**A.     Rule 15(c) prescribes a liberal relation-back test.**

Rule 15(c) of the Federal Rules of Civil Procedure states that "[a]n amendment to a pleading relates back to the date of the original pleading when . . . the amendment asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading. . . ."[9]  The rule "strikes a balance between" the competing concerns of giving a plaintiff the "'maximum opportunity for each claim to be decided on its merits'" and protecting defendants from stale claims.[10]  The Ninth Circuit characterizes Rule 15(c) as a "liberal standard" under which "a plaintiff need only plead the general conduct, transaction, or occurrence to preserve its claims against a defendant.  The exact contours of those claims—the facts that will ultimately be alleged and the final scope of relief that will be sought—can and

---

[8] *Id*. at 4–5.

[9] Fed. R. Civ. P. 15(c).

[10] *ANSARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1005 (9th Cir. 2014) (quoting 6 Charles Alan Wright et al., Federal Practice and Procedure § 1471 (3d ed.1998)).

should be sorted out through later discovery and amendments to the pleadings."[11]  So, as the Court explained in *ASARCO v. Union Pacific Railroad Company*, "[p]arties should not be discouraged from limiting their initial pleadings to claims and defenses that have evidentiary support.  Nor should they fear that doing so will foreclose them from amending their pleadings if new facts come to light after further investigation and discovery."[12]  "So long as a party is notified of litigation concerning a particular transaction or occurrence, that party has been given all the notice that Rule 15(c) requires.  When a defendant is so notified, 'the defendant knows that the whole transaction described in it will be fully sifted, by amendment if need be, and that the form of the action or the relief prayed or the law relied on will not be confined to their first statement.'"[13]

### B. The original complaint put SFR on notice that the whole foreclosure transaction was at play.

SFR was on notice that the Bank was challenging the entire "transaction or occurrence" of the foreclosure process here.  The Bank pled broad equitable claims.  It prayed for "[a] declaration that the HOA Foreclosure Sale did not extinguish the Deed of Trust and that it continues as a valid encumbrance against the Property" or that SFR's "interest in the Property, if any, is subject to" the Bank's deed of trust.[14]  The original complaint includes allegations that "[t]he HOA breached" duties owed "by the circumstances under which they conducted the HOA Sale of the Property."[15]  And though the Bank focused on the facts necessary for relief under

---

[11] *Id*. at 1006.
[12] *Id*.
[13] *Id*.
[14] ECF No. 1 at 9.
[15] *Id*. at ¶ 58.

4

*Shadow Canyon* and due-process theories, those facts still put SFR on notice that the whole foreclosure-sale transaction was being questioned. So, having reconsidered my relation-back ruling with the benefit of SFR's briefing, I reaffirm it and conclude yet again that the amended complaint relates back to the original, timely filing.

## Conclusion

Because the first amended complaint relates back to the filing of the original complaint, making its equitable quiet-title claims timely, IT IS HEREBY ORDERED that SFR Investments Pool 1, LLC's Motion to Dismiss Plaintiff's First Amended Complaint and Reconsider Order Regarding Relation Back **[ECF Nos. 62, 63] is GRANTED in part and DENIED in part.** It is granted only to the extent that I reconsider my ruling, but I don't alter it.

The pending motions for summary judgment are not yet fully briefed and will be addressed in the normal course.

Dated: September 30, 2020

_____
U.S. District Judge Jennifer A. Dorsey

5