UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Bank of New York Mellon, fka Bank of New York, as Trustee for the Certificateholders of CWALT, Inc. Alternative Loan Trust 2005-82, Mortgage Pass-Through Certificates Series 2005-82,<br><br>Plaintiff<br>v.<br><br>SFR Investments Pool 1, LLC, et al.,<br><br>Defendants | Case No. 2:18-cv-01375-JAD-VCF<br><br>*and Member Case<br>2:19-cv-00137-JAD-VCF*<br><br>**Order Granting in Part<br>Motion to Amend Judgment**<br><br>[ECF No. 168] |

      This was one of the myriad lawsuits in this district in which the holder of a deed of trust seeks to exercise its foreclosure rights against the investor who purchased the property during Nevada's foreclosure crisis for a fraction of the mortgage balance. Summary-judgment and default proceedings whittled this case down to Bank of New York Mellon's judicial-foreclosure claim against SFR Investments Pool 1, LLC. That lone remaining claim was tried in a bench trial on February 23, 2022,[1] which resulted in a declaratory judgment in favor of the bank.[2] That ruling was affirmed on appeal.[3]

      A few months later, the bank filed a motion to amend the judgment under Federal Rule of Civil Procedure (FRCP) 60(a), explaining that it can't move forward with the judicial foreclosure because the judgment lacks information required by Nevada Revised Statute 40.430(1)—mainly

---

[1] ECF Nos. 137 (minutes); 139 (transcript).
[2] ECF Nos. 145, 146.
[3] ECF Nos. 156, 158.

"the amount found due the plaintiff."[4]  I denied that motion without prejudice because "the concepts in" the proposed amended judgment were "way beyond anything that I contemplated when I entered judgment . . . back in 2022,"[5] so the bank was not merely seeking to "correct a clerical mistake or a mistake arising from oversight or omission."[6]  Indeed, nobody even mentioned the judgment requirements of NRS 40.430 at trial[7] or in the parties' post-trial briefs.[8]  Plus, the bank had not shown what that potential judgment amount should have been based on trial evidence.[9]  So the bank renewed its motion under FRCP 60(b)(6), arguing that the appeal delayed its ability to move forward with the foreclosure sale—and thus to discover the fatal deficiencies in the court's judgment.[10]  SFR opposes the motion, arguing that it's untimely and that the evidence in the record does not support the judgment amounts that the bank now claims.[11]

      FRCP 60(b) permits the court to "relieve a party or its legal representative from a final judgment for" a list of specific reasons, and FRCP 60(b)(6) adds the ability to grant relief for "any other reason that justifies relief."[12]  A motion for relief under FRCP 60(b)(6) must be brought "within a reasonable time."[13]

---

[4] Nev. Rev. Stat. § 40.430(1).
[5] Court's rough transcript of 9/9/24 hearing at 8:10–13.
[6] Fed. R. Civ. P. 60(a).
[7] See ECF No. 139 (transcript of bench trial).
[8] See ECF Nos. 142, 143 (post-trial briefs).
[9] ECF No. 167.
[10] ECF No. 168.
[11] ECF No. 171.
[12] Fed. R. Civ. P. 60(b).
[13] Fed. R. Civ. P. 60(c).

I find that the judgment's omission of the information required by NRS 40.430(1) to permit the sheriff's office to move forward with the judicial foreclosure sale constitutes a reason that justifies relief under FRCP 60(b)(6). The statute states that "the judgment must be rendered for the amount found due the plaintiff, and the court, by its decree or judgment, may direct a sale of the encumbered property, or such part thereof as is necessary, and apply the proceeds of the sale as provided in NRS 40.462."[14] The practical effect of that sentence is that the foreclosure judgment in this case needed to include: (1) an order for the entire amount due, including costs and disbursements; (2) a decree directing the sale of the real property; (3) an order for the application of the sale proceeds to satisfy the judgment; and (4) an order to the sheriff to report any deficiency to the court. This judgment includes none of those elements.[15]

While the bank's delay in raising this deficiency certainly complicates things, the timing of its request is reasonable under the circumstances. It seems it did not become apparent to the bank that the judgment lacked the information needed to make it enforceable until after it began the foreclosure process. The appeal naturally delayed that process. So I find that the bank brought this motion within a reasonable time.

But I cannot find that the bank is entitled to a foreclosure judgment in the amounts it now requests. The bank's proof of the NRS 40.430(1) amounts was anemic. Based on the testimony of Jean Knowles, I made the factual finding that, at the time of the February 23, 2022, trial, the note balance was $405,874.13.[16] SFR did not challenge that finding on appeal. I have reviewed the trial transcript yet again and conclude that it supports a finding that interest on the note was

---

[14] Nev. Rev. Stat. § 40.430(1).
[15] *See* ECF No. 146.
[16] ECF No. 145 at 3 (citing ECF No. 139 at 40).

3

accruing at a rate of $18.49 per day.[17]  So by the time the judgment was entered 184 days later on August 26, 2022,[18] the outstanding amount on the loan was $409,276.29.  Although Knowles testified to other fees and charges related to that mortgage account, I did not make a finding that those amounts were properly applied costs and disbursements due and owing under the terms of the deed of trust, and I cannot so find at this time.[19]  And while the bank now asks for an award of its litigation fees and costs, it never filed a motion for such an award, and I find that the request for them more than two years after judgment was entered is untimely and I deny it on that basis.  So although I find that FRCP 60(b)(6) supports the entry of an amended judgment that includes the information that NRS 40.430(1) requires for the foreclosure sale to proceed, I find that the record in this case supports an amount due of just $409,276.29, plus post-judgment interest at the prevailing rate under NRS 17.130(2) from August 27, 2022, through satisfaction of the judgment.

IT IS THEREFORE ORDERED that Plaintiff Bank of New York Mellon's motion to amend judgment under FRCP 60(b)(6) **[ECF No. 168] is GRANTED in part.**  This court will file the AMENDED JUDGMENT attached hereto as Exhibit A.  However, **to avoid the need for any further amendment to conform to foreclosure-sale requirements, this court will not enter the amended judgment until January 13, 2025,** to allow the bank a brief opportunity to advise the court if any needed information has been omitted.  So **the bank is directed to immediately review the contents of Exhibit A, and if the court has omitted any language**

---

[17] ECF No. 139 at 41:7–9.

[18] 184 days at $18.49/day = $3,402.16.

[19] *See* ECF No. 139 at 41 (stating escrow amounts).  The bank's offer of affidavits supporting new amounts that were never addressed at trial or presented in proper post-trial motions is too little too late, and I find that this post-appeal motion to amend is not a proper procedural vehicle for such an additional award.

4

**required for the judicial foreclosure sale to proceed, the bank must file a motion entitled "Motion to Amend Proposed Order" by January 9, 2025.** This is not an opportunity to challenge or seek reconsideration of any portion of this ruling. Rather, it is merely an opportunity to ensure that the judgment resulting from this court's ruling is in the proper form to permit the foreclosure sale to proceed.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: January 3, 2025

EXHIBIT A

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Bank of New York Mellon, fka Bank of New York, as Trustee for the Certificateholders of CWALT, Inc. Alternative Loan Trust 2005-82, Mortgage Pass-Through Certificates Series 2005-82,<br><br>    Plaintiff<br>v.<br><br>SFR Investments Pool 1, LLC, et al.,<br><br>    Defendants | Case No. 2:18-cv-01375-JAD-VCF<br><br>*and Member Case<br>2:19-cv-00137-JAD-VCF*<br><br>**Amended Judgment for<br>Judicial Foreclosure** |

For the reasons stated in the Order Granting in part Motion to Amend Judgment, and with good cause appearing and no reason for delay, IT IS ORDERED, ADJUDGED AND DECREED that judgment is entered in favor of Plaintiff The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc. Alternative Loan Trust 2005-82, Mortgage Pass-Through Certificates, Series 2005-82 ("The Bank") as follows:

- In favor of The Bank on its first cause of action for quiet-title (based on a tender theory), declaring that the deed of trust recorded in the Clark County Public Records on August 25, 2005, as Document Number 2005-0825-0001506 against the property located at 1091 Paradise Coach Dr., Henderson, NV 89002, APN 179-34-711-034, ("the Property") and further described as:

    > LOT 68 of PARADISE COACH RESORTS as shown by map thereof on file in Book 103 Plats, Page 64, in the Office of the County Recorder, Clark County, Nevada and amended by Certificate of Amendment recorded January 23, 2004, in Book 20040123 of Official Records as Document No. 01197,

EXHIBIT A

EXHIBIT A

survived the 2014 foreclosure sale, remains an encumbrance upon The Property, and is superior to any interest of the defendants;

- In favor of The Bank on its third cause of action for judicial foreclosure;
- In favor of Defendants Liberty at Paradise Community Association and SFR Investments Pool 1, LLC on the bank's fourth cause of action for breach of NRS 112.190; and
- In favor of The Bank and against defendant Timothy Hanson as follows:

    (1) **The sum of $409,276.29**, (due to the plaintiff) which consists of:

        (a) unpaid balance on the note and mortgage, including interest, as of February 23, 2022: $405,874.13;

        (b) accrued interest from February 23, 2022, through August 26, 2022: $3,402.16; plus

        (c) Post-judgment interest on the entire $409,276.29 judgment amount at the rate designated by NRS 17.130(2), accruing from August 27, 2022, until the judgment is satisfied.

    (2) The sheriff is directed to sell The Property at public sale between 9:00 a.m. and 5:00 p.m. to the highest bidder for cash, apply the proceeds of that sale as provided in NRS 40.462 to satisfy the judgment, and report any deficiency to the court.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: January 3, 2025

EXHIBIT A

2